LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff from a judgment of the Court below which rejected its demand for a real estate commission alleged to be due it by the defendant.
. The document giving rise to the litigation is labeled “Agreement to Purchase or Sell” and contains an agreement on the part of one A. K. Emling to purchase some 41.12 a<?res of land from the defendant -for the price of $6,000, cash. The language in the agreement pertinent to the commission is as follows:
“The commission is earned on the signing of the agreement and shall not be affected by any subsequent agreement of the parties hereto, or by annulment 'of contract by any court. Vendor agrees to deliver clear and merchantable title.
“If this offer is accepted vendor agrees to pay the Agent’s commission of 10% of purchase price.”
There is no question but that the defendant and his wife signed the above referred to agreement as well as the prospective purchaser Emling.: Nor is there any question but that the proposed sale was never consummated due to defects in the defendant’s title which were not or could not be cured. The sole defense is that the contract is void because of fraud, deceit and misrepresentation. The testimony of the plaintiff’s representative is to-the effect that the defendant was made cognizant of the terms of the agreement and-was asked if the plaintiff would- endeávor to have the commission paid by the purchaser rather than by defendant. He stated further that he told the defendant that he would do this but that if he could not persuade the purchaser to pay the commission, they would hold the defendant to the terms of the agreement and look to him for payment thereof. He further testified that he had endeavored to have the purchaser agree to pay the com mission but was unsuccessful.
The defendant and his wife admitted that they were aware of the terms and conditions of the agreement but stated that as a result of their request the plaintiff agreed to look to the purchaser for payment of his commission and agreed upon the signing of the instrument that under no circumstances would the defendant be, liable therefor.
*75 The defendant carried the burden of proving the affirmative allegations of his defense. A reading of the above referred to testimony does not convince us that he has sustained this burden. Likewise, a reading of the Trial Judge’s reasons for judgment shows that he was not convinced that the defendant had proved the alleged fraud and misrepresentation.
The question presented is simply one of proof and the record shows that the plaintiff has made out his case whereas the defendant has not discharged the burden resting upon him.
For the reasons assigned, the judgment appealed from is reversed and it is ordered that there be judgment herein in favor of plaintiff, Gomel, Inc., and against the defendant, Gordon Bennett, in the sum of $600 together with legal interest from date of judicial demand until paid and for all costs.
Judgment reversed and rendered.